9728/SHV
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042
Attorneys for Plaintiff Kiln Syndicate 510

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

13 Civ. 7372 (ES)

| | |
|---|---|
| KILN SYNDICATE 510 a/s/o MORRISON EXPRESS CORPORATION (USA), INC., <br><br>        Plaintiff, <br> - v - <br><br> MITSUI OSK LINES LTD., MOL (AMERICA), INC., <br><br>        Defendants. | **COMPLAINT** |

RECEIVED
DEC 06 2013
AT 8:30_____M
WILLIAM T. WALSH, CLERK

Plaintiff Kiln Syndicate 510 a/s/o Morrison Express Corporation (USA), Inc., by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, for its indemnity complaint against defendants Mitsui OSK Lines, Ltd. and MOL (America), Inc. (collectively, "MOL") alleges upon information and belief as follows:

### JURISDICTION

1.   This is a civil case of indemnity and is under admiralty or maritime jurisdiction within the meaning of 28 U.S.C. 1333(1) and is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

2.   Alternatively, this Court has subject matter jurisdiction over this lawsuit as conferred by 28 U.S.C. § 1332. This controversy is between citizens of different states. Plaintiff and defendants share neither state of incorporation nor principal place of business. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

## PARTIES

3. Kiln Syndicate 510, as subrogee of Morrison Express Corporation (USA), Inc. ("MEC"), at all material times, was and still is a legal entity existing under the laws of a foreign country, with an office and place of business at 8 Delta Terrace, West Road, Ipswich, U.K.

4. Mitsui OSK Lines at all material times, was and still is a legal entity existing under the laws of a foreign country, with an office and place of business at 10 Woodbridge Center Drive, Suite 900, Woodbridge, New Jersey.

5. MOL (AMERICA), Inc, at all material times, were and still are legal entities existing under the laws of one of the United States, with an office and place of business at 10 Woodbridge Center Drive, Suite 900, Woodbridge, New Jersey.

## FACTS APPLICABLE TO ALL CLAIMS

6. At all times herein mentioned, MEC was a Non-Vessel Operating Common Carrier (NVOCC).

7. At all times herein mentioned, defendants were a Vessel-Operating Common Carrier (VOCC).

8. On or about November 26, 2011 Advanced Technology Materials, Inc. ("ATMI") booked a shipment of various chemical cargo including sulphuric acid and cupric sulfate (hereinafter, the "chemical cargo") with MEC to be transported in a refrigerated container with the temperature setting to be set at 21°C from West Haven, Connecticut to Busan, Korea via the loadport at Port Elizabeth, New Jersey.

9. On or about November 26, 2011 MEC, in turn, booked the shipment of chemical cargo with MOL to be transported in a refrigerated container with the temperature setting to be set at 21°C from West Haven, Connecticut to Busan, Korea via the loadport at Port Elizabeth, New Jersey.

10. MOL issued its bill of lading no. MOLU26003133273 [Exhibit A, attached] for the said multimodal transport of the chemical cargo in a refrigerated container with the temperature setting to be set at 21°C from West Haven from West Haven, Connecticut to Busan, Korea, via the loadport at Port Elizabeth, New Jersey.

11. On or about November 26, 2011 MOL provided ATMI with a refrigerated container (container no. CRXU5290174).

12. The temperature of the said refrigerated container was set incorrectly by MOL at (minus) -21°C instead of 21°C.

13. As a result of the incorrect temperature setting for refrigerated container no. CRXU5290174, the chemical cargo loaded within the container was damaged.

14. On or about November 30, 2011 ATMI filed a claim against MEC for $340,000 ($300,000 in product costs, $30,000 in disposal costs, and $6,000 in freight) for the chemical cargo.

15. On or about November 30, 2011 MEC filed a claim against MOL for indemnity from the $340,000 ATMI claim against MEC.

16. On or about October 27, 2013 MEC agreed to a settlement with ATMI for $60,000.

17. On or about October 27, 2013 plaintiff, as insurance underwriters for MEC and as subrogees of MEC, paid to ATMI the sum of $60,000 (the "Settlement Payment"), for which MOL is now liable to plaintiff.

18. In addition, plaintiff incurred approximately $58,999 in attorney's fees in defending against the ATMI claim and in negotiating the said $60,000 settlement.

## CAUSE OF ACTION FOR INDEMNITY FROM MOL

19. Plaintiff repeats, incorporates, and realleges each and every prior allegation as if fully set forth herein.

20. Defendants were responsible for providing the refrigerated container to ATMI with the temperature setting at 21°C.

21. The damage to the chemical cargo in container no. CRXU5290174 was caused by the acts, omissions, fault, negligence, breach of contract, and/or breach of warranty by MOL in incorrectly setting the temperature of the container at (minus) -21°C instead of 21°C.

22. Therefore, plaintiff is entitled to be fully indemnified by MOL for its Settlement Payment to ATMI, plus attorneys fees incurred by plaintiff in defending against the claim, in the amount of $118,999 ($60,000 Settlement Payment + $58,999 in attorneys fees), as nearly as the same can now be estimated, no part of which has been paid although duly demanded.

WHEREFORE, plaintiff prays for the following:

(a) That process issue against defendants;

(b) That defendants be cited to appear and answer the allegations of the complaint;

4

(c) That judgment be entered against defendants for $118,999, with all costs, including attorneys fees; and

(d) For such other relief as the Court may deem just and proper.

Dated: New York, New York
December 5, 2013

Respectfully submitted,

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Plaintiff
Kiln Syndicate 510

By: _____
Stephen H. Vengrow
Eric Chang
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
